■ In the Matter of the Claim of Ashawntay Reed, Appellant. South Avenue OB/GYN Group, Respondent; Commissioner of Labor, Respondent. [701 NYS2d 174] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 2, 1998, which, *inter alia*, denied claimant's application to reopen a previous decision denying her application for unemployment insurance benefits.

After the initial determination of the local unemployment insurance office found claimant eligible for unemployment insurance benefits, the employer requested a hearing which claimant failed to attend. The Administrative Law Judge overruled the initial determination but thereafter granted claimant's application to reopen and sustained the initial determination. The Unemployment Insurance Appeal Board, concluding that claimant had failed to demonstrate good cause for her default in failing to appear at the original hearing, reversed the Administrative Law Judge's decision which granted claimant's application to reopen and denied the application. Claimant appeals.

Whether to grant an application to reopen is a matter for the Board to decide in the exercise of its discretion and, absent an abuse of discretion, the Board's decision will not be disturbed (*see, Matter of Trincere [Sweeney]*, 235 AD2d 904). Claimant conceded that her new employer had granted permission for her to attend the hearing, but she elected not to do so out of concern that her absence might have an adverse impact on the

evaluation of her work by the new employer. Although claimant admitted that she would have attended the hearing if it had not been rescheduled to an earlier date, she did not request an adjournment and was aware that the hearing would proceed in her absence. The record reveals no abuse of discretion in the Board's denial of claimant's application to reopen (*see, Matter of Fruci [Commissioner of Labor]*, 260 AD2d 831) and, therefore, the decision is affirmed.

Mercure, J. P., Crew III, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.