■ In the Matter of the Claim of EDVARD G. VOSGHANIANS, Respondent. M.J. ALEXANDER & COMPANY INC., Appellant; COMMISSIONER OF LABOR, Respondent. (And Another Related Proceeding.) [743 NYS2d 904] —Cardona, P.J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed March 2, 2001, which, inter alia, denied an application by M.J. Alexander & Company Inc. to reopen decisions which ruled that it was liable for unemployment insurance contributions for claimant and all other similarly situated individuals.

M.J. Alexander & Company Inc. (hereinafter the corporation) operated a referral service for professional waiters and waitresses. In June 2000, the Department of Labor issued two determinations finding that the corporation was liable for unemployment insurance contributions because claimant, and all other similarly situated waiters and waitresses, were considered employees rather than independent contractors. The corporation challenged these initial determinations and a consolidated hearing was scheduled for August 4, 2000. By letter dated July 31, 2000, the corporation's counsel requested an adjournment due to alleged witness and attorney unavailability. The request for an adjournment was denied. Upon the failure of the corporation or its attorney to appear at the scheduled hearing, the corporation was held in default and the determinations were sustained.

The corporation thereafter applied to reopen the matter, and a hearing to consider that application was scheduled for September 26, 2000. However, the corporation also failed to appear at this hearing and another default was entered. The corporation then applied to reopen both default decisions and duly attended the hearing held to address the merits of the application. At the conclusion thereof, the second default was vacated as the corporation demonstrated good cause for failing to appear (*see,* 12 NYCRR 461.8), but the initial default was sustained, thereby precluding review of the merits. The

Unemployment Insurance Appeal Board affirmed these decisions, prompting these appeals.*

Granting an application to reopen lies within the discretion of the Board and, absent an abuse thereof, this Court will not disturb the decision (*see, Matter of Reed [South Ave. OB/GYN Group—Commissioner of Labor]*, 268 AD2d 667; *Matter of Trincere [Sweeney]*, 235 AD2d 904). Here, the corporation waited until only four days before the August 4, 2000 hearing to write seeking an adjournment. When the request was denied, the corporation simply failed to appear. Since the record supports the finding that the corporation did not demonstrate good cause for this failure (*see*, 12 NYCRR 461.8), we conclude that the denial of the applications to reopen was not an abuse of discretion (*see, Matter of Reed [South Ave. OB/ GYN Group—Commissioner of Labor]*, *supra* at 668; *Matter of Fruci [Commissioner of Labor]*, 260 AD2d 831, 832).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.

---

* Although it appears that the Board subsequently granted reopening and, upon reconsideration, adhered to its prior decisions, there is no indication that notices of appeal were filed, therefore, these decisions will not be considered.